UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1240-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 7, 2019, Plaintiff John Clark, who at the time of filing was an inmate at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* "Motion to file a complaint pursuant to 42 USC 1983."[1] (ECF No. 1.) Clark subsequently filed a motion to proceed *in forma pauperis*, which the Court granted. (ECF No. 8.) Clark sues the Madison County Sheriff's Department (MCSD).[2]

---

[1] On October 16, 2019, Clark notified the Court that he had been released from custody and provided his new address. (ECF No. 4.)

[2] Clark also filed an attachment which includes documents he requested in November 2016 from the MCSD related to an August 2004 complaint Clark made against a CJC nurse not named or mentioned in his present complaint. (ECF No. 5.) Clark also submitted records from an earlier state-court criminal matter, including a 1998 decision from his direct appeal to the Tennessee Court of Criminal Appeals. (ECF No. 9.) None of these documents is related to the civil complaint in this case, and it is not clear why Clark provided them to the Court.

Clark alleges that, while he was at the Penal Farm of the CJC, Sergeant Bullock made a remark to Officer Kiser that "they need to put a Rainbow Sign over the cell [Clark] was in." (ECF No. 1 at PageID 1.) When Clark asked Bullock what he meant, Bullock stated that he "was talking to Officer Kiser." (*Id.*) Clark asked Bullock not to make that statement again and grieved the incident to Lieutenant Graves, Captains Rudder and Wilson, and Sheriff John Mehr. (*Id.*)

Clark also alleges that, while he was in an isolation cell, Officer Reed sexually harassed him "by calling me his Whore [and] talking about how big my booty was." (*Id.* at PageID 2.) Clark alleges Reed made other sexually suggestive statements to him that were inappropriate and graphic, watched Clark while he showered, and that on one occasion the two "almost kissed." (*Id.*) He alleges that "[i]t got to the point where i[t] was scary." (*Id.*) Clark alleges Reed gave him special privileges at the Penal Farm, "as if I was his lover." (*Id.* at PageID 2-3.) He wrote to two captains and a lieutenant at the Penal Farm "before it got any deeper." (*Id.* at PageID 3.) Clark alleges Reed continued to make comments towards him and flirt with him. (*Id.*)

Clark does not state what relief he seeks in this lawsuit.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The Court construes Clark's complaint as brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Madison County Sheriff's Department is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). The Court will construe Clark's allegations as alleging claims against Madison County, which may be held liable *only* if Clark's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which

the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Because Clark does not allege that a Madison County policy is responsible for the officers' treatment of him, he does not state a claim against Madison County.

To the extent Clark attempts to raise an Eighth Amendment claim against Sergeant Bullock and Officer Reed for sexual harassment, he fails to state a claim. It is well settled that verbal harassment at the hands of prison officials does not constitute a violation of the Eighth Amendment. *See, e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that even harassment that constitutes "shameful and utterly unprofessional behavior" is insufficient to constitute cruel and unusual punishment); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (holding that an officer's "reprehensible" action of offering of sexual favors to the plaintiff-inmate did "not rise to the level of a constitutional violation"); *Johnson v. Ward*, 215 F.3d 1326, at *1 (6th Cir. 2000) (unpublished) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)) (affirming district court's conclusion that prisoner's allegation about corrections officer who "made an offensive sexual remark to him does not rise to the level of a constitutional violation").

Clark appears to assert that the comments constituted unlawful discrimination. The Fourteenth Amendment's Equal Protection clause protects against discrimination based on sexual orientation. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012) (citing *Stemler v. City of Florence*, 126 F.3d 856, 873-74 (6th Cir. 1997) (noting that the Sixth Circuit has not yet recognized sexual orientation as a suspect classification, so claims of discrimination based on sexual orientation are governed by rational basis review).

5

However, Clark does not allege an equal protection claim. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. Of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)), *overruled on other grounds by Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008).

Clark does not allege that he was treated differently than similarly situated inmates of a different sexual orientation. He alleges only that two officers made inappropriate or suggestive comments towards him. These allegations do not amount to a Fourteenth Amendment equal protection claim.

To the extent Clark seeks to sue the prison officials who did not respond to his grievances, he does not state a claim. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.*

Clark does not state the relief he seeks in the lawsuit. To the extent he seeks injunctive or declaratory relief, his request is moot because he is longer incarcerated at the CJC. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (claim for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility);

6

*Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (same); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Nor may he recover damages under the PLRA, which bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Clark does not allege any physical or sexual act. He alleges only that he and Officer Reed "almost kissed." That allegation alone is insufficient to overcome the bar under § 1997e(e).

For all these reasons, Clark's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), the Court must also consider whether an appeal by Clark in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, leave to proceed on appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Clark, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE